IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

**DAVID ALLISON**, doing business as **CHEAT CODE CENTRAL**, a sole proprietorship,

       Plaintiff,

v.

**JUPITER ELECTRIC**, a Canadian entity,
**X PRODUCTIONS,** a Canadian entity,
**RUSSELL ZOHOOR**, an individual, and
**HOOMAN ZOHOOR**, an individual,

       Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff David Allison, doing business as Cheat Code Central, a sole proprietorship, for his Complaint against Defendants Jupiter Electric, x productions, Russell Zohoor and Hooman Zohoor, states as follows:

### NATURE OF THE CASE

1. This is an action for copyright infringement brought under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*, unfair competition and passing off brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and state and common law unfair competition.

2. Plaintiff David Allison, doing business as Cheat Code Central, a sole proprietorship ("David Allison"), brings this action because Defendants, individually and in association with each other and/or third parties, willfully infringed David Allison's copyrights by

copying, reproducing, and distributing David Allison's copyrighted works without authorization and willfully engaged in unfair competition by passing off David Allison's copyrighted works as if they were Defendants' works.

## JURISDICTION AND VENUE

3.     Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a). As the plaintiff is a citizen of a State and the defendants are, on information and belief, citizens or subjects of a foreign state, and as the matters in controversy exceed the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, this court also has jurisdiction over the state-law claims herein under 28 U.S.C. § 1332.

4.     David Allison's claims arise in whole or in part in this District; Defendants operate and/or transact business in this District, and the Defendants have aimed their tortious conduct in whole or in part at this District.  Accordingly, venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400(a).

## PARTIES

5.     David Allison is a sole proprietorship with its principal place of business located in Broomfield, Colorado, and operates a website located at www.cheatcc.com.  David Allison owns the exclusive copyrights to each of the web pages posted at www.cheatcc.com, as fully set forth below.

6.     On information and belief, Defendant Jupiter Electric ("Jupiter") is an entity organized under and/or subject to the laws of Canada, with its principal place of business in Markham, Ontario, Canada.  Jupiter is a direct competitor of David Allison.

7. On information and belief, Defendant x productions is an entity organized under and/or subject to the laws of Canada, with its principal place of business in Toronto, Ontario, Canada. x productions is a direct competitor of David Allison.

8. On information and belief, Defendant Russell Zohoor is the president of Defendant x productions; and/or is an individual who directly participated in and/or directed the acts described below.

9. On information and belief, Defendant Hooman Zohoor is an employee and/or officer of Defendant Jupiter; and/or is an individual who directly participated in and/or directed the acts described below.

## FACTS

### *Plaintiff's Ownership of Copyrights Covering Web Pages*

10. David Allison operates a premier website relating to video game cheat codes, located at www.cheatcc.com. "Cheat codes" allow video game players to access hidden video game features and are not typically included as part of the instruction manuals that accompany video game purchases. Rather, they must be discovered through either experimentation or receipt of direct information from the video game programmers. There is a long tradition of video game programmers and manufacturers incorporating these hidden cheat codes in their video games. As a result, a market has developed for information describing these hidden cheat codes for video game users.

11. David Allison began writing about video game cheat codes as early as May 1997, and in 1999/2000, he wrote and published a book on video game cheat codes, entitled *The Ultimate Code Book*.

12. David Allison also owns and operates a web site located at www.cheatcc.com, where he writes, compiles, arranges, and posts information and commentary on cheat codes for thousands of video games across numerous video game platforms. David Allison wrote the text contained on each cheat code web page located at www.cheatcc.com, and the text, compilation, and arrangement of the cheat code information on those pages was solely created by David Allison.

13. David Allison has built up a reputation for presenting quality cheat code guides through the published books and web site postings he has written. As part of his work, David Allison built relationships with video game developers, which allowed him to obtain and write about the latest and most interesting cheat codes.

14. Cheat code information is a highly desired item among video game users.

15. David Allison began to post web pages containing his commentary on PlayStation 2 video game codes on the www.cheatcc.com web site around March 2000 and on X-Box video game codes around November 2001. Since that time, Mr. Allison has continually updated the www.cheatcc.com website by posting new web pages about additional games and/or updating and revising the previously up loaded web pages. David Allison is the sole author of all video game cheat code commentary published on the www.cheatcc.com website.

16. David Allison's book, *The Ultimate Code Book*, and the content of the www.cheatcc.com web site, ("the Copyrighted Web Pages"), have been registered with the United States Copyright Office as follows:

| Name of Work | Copyright Registration No. | Registration Date |
|---|---|---|
| The Ultimate Code Book | TX-5-116-527 | January 5, 2000 |
| Cheatcc.com web site | TX-6-162-180 | May 12, 2005 |

(A true and correct copy of the copyright registration certificate for the Copyrighted Web Pages is attached as **Exhibit A**.)

17.     David Allison created the Copyrighted Web Pages listed above and fixed them in a tangible form, with the exception of any third party banner ads contained on the pages. The Copyrighted Web Pages are David Allison's original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States.

18.     David Allison's Copyrighted Web Pages were published on the www.cheatcc.com web site, where they can be viewed and/or downloaded by any person.  The www.cheatcc.com web site contains a copyright notice indicating that the content is owned by Cheat Code Central, the name of David Allison's sole proprietorship.

19.      The quality and breadth of the video game cheat code commentary posted on the www.cheatcc.com drives a significant volume of traffic to the website, which in turn, generates advertising revenue.  In the past, the www.cheatcc.com web site has received between six and seven million unique visitors per month.

*Defendants' Wrongful Acts*

20.     Beginning as early as 1999, Defendants have operated and continue to operate multiple websites devoted to video game cheat codes at numerous web addresses, including www.cheatindex.com, allps2.net, xbox.cheatindex.com, snes.cheatindex.com, and

www.allcodes.com (collectively the "Cheatindex Websites"), that directly compete with David Allison's www.cheatcc.com website.

21.     The substantive content, including the text and the selection, coordination and arrangement of materials, on most if not all of the pages of the Cheatindex Websites dealing with video game cheat codes ("Cheatindex Infringing Web Pages") are identical to pages from David Allison's Copyrighted Web Pages, with the sole exception that banner ads contained on the respective pages are different.

22.     On information or belief, Defendants copied David Allison's Copyrighted Web Pages and reproduced those pages in their entirety (with the exception of banner ads) on one or more of the Cheatindex Websites, where they are currently on public display.

23.     Defendants displayed and distributed copies of the Cheatindex Infringing Web Pages without conspicuously and appropriately publishing on each copy an appropriate copyright notice crediting David Allison and/or Cheat Code Central as the original author of the work.

24.     Defendants are not now, nor have they ever been, authorized or licensed to copy, reproduce, modify, distribute, or display any of David Allison's Copyrighted Web Pages.  Nor has David Allison authorized Defendants to engage in the activities about which he now complains.

25.     Defendants falsely represented to customers, potential customers, and/or others, directly and/or indirectly, that the Cheatindex Infringing Web Pages they posted on the Cheatindex Websites originated from Defendants.

26.     Defendants had actual knowledge of David Allison's copyrights and copyright notices.  Despite this knowledge, Defendants willfully copied, reproduced, modified, displayed

and/or distributed unauthorized (and therefore infringing) copies of some of David Allison's Copyrighted Web Pages, and passed off David Allison's Copyrighted Web Pages as Defendants' own.

27.     Defendants copied, reproduced, modified, displayed, and/or distributed the Cheatindex Infringing Web Pages for the purposes of commercial advantage and/or private financial gain.

### *Injury to David Allison*

28.     David Allison is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants intend to continue their course of wrongful conduct and to continue to copy, reproduce, modify, distribute, display, use, infringe upon, and/or otherwise profit from David Allison's Copyrighted Web Pages and the Cheatindex Infringing Web Pages directly copied from David Allison's Copyrighted Web Pages.  As a direct and proximate result of Defendants' wrongful acts, David Allison has already suffered irreparable injury and monetary damages in an undetermined amount.

29.     David Allison is informed and believes that, since Defendants directly copied David Allison's Copyrighted Web Pages and posted them as their own on the Cheatindex Websites, traffic to David Allison's www.cheatcc.com website has gone down, while traffic to the Cheatindex Websites has increased.

30.     David Allison has no adequate remedy at law to redress all of the injuries that Defendants have caused and are likely to continue to cause by their conduct.  David Allison will continue to suffer irreparable injury and monetary damage until Defendants' wrongful actions are enjoined by this Court.

## COUNT I
### Copyright Infringement
### 17 U.S.C. §§ 101 *et seq*.

31. David Allison repeats and realleges every allegation of this Complaint and incorporates them herein by this reference.

32. David Allison's Copyrighted Web Pages were automatically subject to copyright protection under 17 U.S.C. § 102(a) when David Allison fixed such works in a tangible medium of expression. David Allison received Copyright Registration TX-5-116-527 for his book entitled *The Ultimate Code Book*, which registration has an effective date of January, 5, 2000. David Allison received Copyright Registration TX-6-162-180 for the "Cheatcc.com web site," which registration has an effective date of May 12, 2005. These copyright registrations fulfill the jurisdictional requirements of 17 U.S.C. § 411(a) to bring a copyright action regarding the Copyrighted Web Pages.

33. Certificates of Copyright Registration constitute prima facie evidence of the validity of the copyrights and of the facts stated in the certificates. 17 U.S.C. § 410(c). David Allison's registered copyrights are entitled to such statutory presumption of validity.

34. By the actions alleged above, Defendants have infringed and are continuing to infringe David Allison's copyrights in and relating to the Copyrighted Web Pages by copying, reproducing, modifying, displaying and/or distributing, without David Allison's authorization, web pages which contain direct, verbatim copies of David Allison's Copyrighted Web Pages in violation of 17 U.S.C. §§ 106 and 501.

35. Upon information and belief, after a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Defendants' conduct was and is willfully done with knowledge of David Allison's copyrights.

36. David Allison has no adequate remedy at law. Defendants' conduct has caused, and, if not enjoined will continue to cause, irreparable harm to David Allison. As a result of Defendants' wrongful conduct, David Allison is entitled to injunctive relief, actual damages, and Defendants' profits.

## COUNT II
## Passing Off and Federal Unfair Competition
## 15 U.S.C. § 1051 *et seq*.

37. David Allison repeats and realleges every allegation of this Complaint and incorporates them herein by this reference.

38. The aforesaid acts of Defendants are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' goods, and also misrepresent the nature, characteristics, and qualities of Defendants' goods. Defendants' actions constitute false designations of origin, unfair competition, false advertising, and passing off in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a). Such actions were and are willful and deliberate.

39. David Allison has no adequate remedy at law. Defendants' conduct has caused, and, if not enjoined will continue to cause, irreparable harm to David Allison. As a result of Defendants' wrongful conduct, David Allison is entitled to injunctive relief, actual damages, Defendant's profits, exemplary damages, attorney's fees, and costs.

## COUNT III
## Common Law Unfair Competition

40. David Allison repeats and realleges every allegation of this Complaint and incorporates them herein by this reference.

41. The aforesaid acts of Defendants constitute common law unfair competition in Colorado and other states where Defendants offer and/or advertise their goods, including this District, and violate of the common law of Colorado and laws of other states, by reason of which David Allison has suffered, and will continue to suffer, irreparable injury and monetary damages in an undetermined amount. Such actions were and are willful and deliberate.

42. As a result of Defendants' wrongful conduct, David Allison is entitled to injunctive relief, actual damages, Defendants' profits, exemplary damages, attorney's fees, and costs.

## COUNT IV
## Deceptive Trade Practices – Colorado Consumer Protection Act

43. David Allison repeats and realleges every allegation of this Complaint and incorporates them herein by this reference.

44. The aforesaid acts of Defendants constitute deceptive trade practices under the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-105(1). Such acts were undertaken willfully, wantonly and in bad faith.

45. David Allison has been injured by Defendants' deceptive trade practices in the course of his business. Defendants' deceptive trade practices have had and are continuing to have a significant impact on the consuming public that seeks cheat code information.

46. As a result of Defendants' deceptive trade practices, David Allison has been damaged. David Allison will continue to sustain irreparable injury and monetary damages from Defendants' deceptive trade practices unless and until Defendants are enjoined from continuing their unlawful conduct. David Allison is entitled to recover actual or statutory damages, Defendants' profits, exemplary damages, reasonable attorneys' fees, and costs in connection with this claim, as well as appropriate equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, David Allison prays that this Court enter judgment in his favor on each and every claim for relief set forth above, and award David Allison all appropriate relief, including but not limited to the following:

A. Declare that Defendants have infringed David Allison's copyrights covering its Copyrighted Web Pages.

B. Declare that Defendants have engaged in unfair competition and deceptive trade practices, and have violated Section 43(a) of the Lanham Act, as well as Colorado statutes and the common law.

C. Order that, pursuant to 17 U.S.C. § 502 and/or 17 U.S.C. § 1203, Defendants and all of their employees, servants, agents, distributors, and persons in active concert or participation with them be preliminarily during the pendency of this action and permanently thereafter enjoined from copying, reproducing, modifying, displaying and/or distributing the Cheatindex Infringing Web Pages and/or the Copyrighted Web Pages, or otherwise infringing David Allison's copyrights.

D. Order the impounding for destruction of all copies or reproductions of any products containing unauthorized reproductions of David Allison's Copyrighted Web Pages, including but not limited to the Cheatindex Infringing Web Pages.

E. Order an accounting of Defendants' profits and award David Allison its actual damages and Defendants' profits not taken into account in calculating actual damages, including increased damages for willful violations of David Allison's rights.

F. Award David Allison monetary relief in an amount to be fixed by the Court in its discretion as just, including:

(a) All profits received by Defendant from sales and revenues of any kind made as a result of its infringing or otherwise wrongful actions;

(b) All damages sustained by David Allison as a result of Defendant's acts, and that such damages be trebled pursuant to 15 U.S.C. § 1117 and/or 18 U.S.C. § 1964(c), and Colo. Rev. Stat. § 6-1-113; and

(c) Exemplary damages in view of the intentional, malicious, and bad faith nature of Defendant's actions.

G. Award David Allison prejudgment and post-judgment interest, and David Allison's costs and attorney's fees.

H. Award David Allison such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff David Allison, doing business as Cheat Code Central, demands a trial by jury on all issues so triable.

Respectfully submitted this 20th day of January, 2006

                                              s/ J. Owen Borum
                                              Mark W. Fischer
                                              J. Owen Borum
                                              FAEGRE & BENSON LLP
                                              1900 Fifteenth Street
                                              Boulder, Colorado  80302
                                              Telephone:  (303) 447-7700
                                              Facsimile:  (303) 447-7800
                                              E-mail:  mfischer@faegre.com
                                                             oborum@faegre.com

                                              Attorneys for Plaintiff David Allison d/b/a
                                              Cheat Code Central

Plaintiff's Address:

Cheat Code Central
4560 Augusta Drive
Broomfield, Colorado 80020